IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDRICK LADON MCCARTY,

      **Plaintiff,**

      **v.**

                                  CASE NO.  22-3024-SAC

CENTURION, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

Plaintiff Edrick Ladon McCarty is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein.  Plaintiff is also given an opportunity to file a proper second amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  The Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC.  This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 7).  Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 8).  The Court's screening standards are set forth in the MOSC.

Plaintiff alleges in his original Complaint that around June 7, 2021, he began suffering from auditory and visual hallucinations that "produced multiple acts," and Centurion failed to

1

forcibly medicate him for six months to prevent him from experiencing hallucinations. (Doc. 1, at 1–2.)  Plaintiff alleges that during that time, he was placed in segregation and while being escorted by officers Rose and Grimmett he was body slammed and "bear maced" while "trying to go home." *Id*.  Plaintiff alleges that Centurion's Nurse Gomez witnessed the encounter which caused Plaintiff neck pain. *Id*. at 2.  Plaintiff alleges that he was allowed to rinse off the bear mace, but he still experienced discomfort. *Id*. at 3.  Plaintiff alleges that he suffered a contusion to the head and dry eyes. *Id*.

In his Amended Complaint, Plaintiff adds that he was not taking his prescribed medications because they made him feel tired and fuzzy. (Doc. 7, at 4.) Plaintiff acknowledges that he was offered medication, he refused to take it, and he had not been taking his medication since 2018. *Id*.  Plaintiff acknowledges that he refused his medication, but asserts that Centurion should have forcibly medicated Plaintiff. *Id*.

Plaintiff alleges that he was  hallucinating and hurting himself by banging his head on the wall, trying to "rid the voices." *Id*.   He claims that Defendant Grimmett laughed at him and then body slammed him and sprayed him with mace while the officers were escorting Plaintiff.  *Id*. Plaintiff alleges that he was simultaneously punished at EDCF for battery on three officers.  *Id*. Plaintiff alleges that Defendant Rose assisted Grimmett with the escort, and that she allowed Plaintiff to lay on a concrete floor for two or more nights without a bed, blanket, or pillow.  *Id*. Plaintiff also alleges that Rose made fun of Plaintiff.  *Id*.

Plaintiff names as defendants:  Centurion, LLC; Correctional Officer Kurtis Grimmett; and Stacy Rose.  Plaintiff seeks $320,000 in compensatory damages for "pain and suffering." *Id*. at 8.

## II.  Discussion

### 1.  Medical Care

Plaintiff acknowledges that he refused his prescribed medication, buy alleges that Centurion denied him proper forced medication for six months.  The Court set forth the standards for an Eighth Amendment medical claim in the MOSC.  The Court found that a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976); *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

The Court also found in the MOSC that Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment or medication.  A complaint alleging that plaintiff was not given plaintiff's desired medication, but was instead given other medications, "amounts to merely a disagreement with [the doctor's] medical judgment concerning the most appropriate treatment."  *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (noting that plaintiff's allegations indicate not a lack of medical treatment, but a disagreement with the doctor's medical judgment in treating a condition with a certain medication rather than others); *Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006) (unpublished) (where appropriate non-narcotic medication was offered as an alternative to the narcotic medication prescribed prior to plaintiff's incarceration, a constitutional violation was not established even though plaintiff disagreed with the treatment decisions made by prison staff); *Carter v. Troutt*, 175 F. App'x 950 (10th Cir. 2006) (unpublished) (finding no Eighth Amendment violation by prison doctor who refused to prescribe a certain pain medication

3

where he prescribed other medications for the inmate who missed follow-up appointment for treatment and refused to be examined unless he was prescribed the pain medication he wanted); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation.").   Plaintiff has failed to show in his Amended Complaint that any defendant was deliberately indifferent regarding his medication and his medical claims are subject to dismissal.   Plaintiff's claims suggest, at most, negligence, and are subject to dismissal.

Plaintiff has also failed to allege how any defendant personally participated in the deprivation of his constitutional rights regarding his medication.   An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.   *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).   Conclusory allegations of involvement are not sufficient.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").   As a result, a plaintiff is required to name each

4

defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff names Centurion as the only health care provider.  In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services*, 436 U.S. 658, 694 . . . (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). A corporation may not be held liable based upon respondeat superior because "vicarious liability is inapplicable to  . . . § 1983 suits."  *Rascón v. Douglas*, 718 F. App'x 587, 589–90 (10th Cir. 2017) (unpublished) (quoting *Iqbal*, 556 U.S. at 676); *see also Spurlock v. Townes*, 661 F. App'x 536, 545 (10th Cir. 2016) (unpublished); *Green v. Denning*, 465 F. App'x 804, 806 (10th Cir. 2012) (unpublished) ("An entity 'cannot be held liable *solely* because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory.'") (citation omitted); *Williams v. Correct Care Sols.*, No. 19-3075-SAC, 2019 WL 2005920, at *2 (D. Kan. May 7, 2019); *Jefferson v. Aramark Corr. Servs.*, Case No. 17-3161-SAC, 2017 WL 6557419, at *2 (D. Kan. Dec. 22, 2017); *Livingston v. Correct Care Sols.*, Case No. 07-3256-SAC, 2008 WL 1808340, at *1–2 (D. Kan. Apr. 17, 2008) (stating that "[a] policy is a formal statement by the private corporation" and "[a] custom is a persistent, well-settled practice of unconstitutional misconduct by employees that is known and approved by the corporation.").

In the MOSC, the Court found that this action is subject to dismissal as against Defendant Centurion because Plaintiff failed to allege facts showing a policy or a custom of Centurion that

caused his injury.   Plaintiff's Amended Complaint fails to cure this deficiency.   Therefore,

Plaintiff is directed to show good cause why his claim against Defendant Centurion should not

be dismissed.   The Court will grant Plaintiff one last opportunity to file a second amended

complaint to name the proper defendants and to show personal participation by each defendant.

### 2.  Excessive Force

The Court found in the MOSC that Plaintiff fails to state a claim of excessive force under

the Eighth Amendment's Cruel and Unusual Punishments Clause.   *See Estate of Booker v.*

*Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (stating that "claims of excessive force involving

convicted prisoners arise under the Eighth Amendment").   The Court found that Plaintiff has not

alleged wrongdoing that is objectively harmful enough to establish a constitutional violation.

The Court found that Plaintiff's Complaint failed to allege specific facts indicating that the

defendant officials engaged in the "wanton and unnecessary" infliction of pain that constitutes a

violation of the Eighth Amendment.   *See Reed*, 1999 WL 345492, at *4.

In his Amended Complaint, Plaintiff adds that Defendants Grimmett and Rose were

laughing and making fun of him.   Plaintiff also adds that Plaintiff was attempting to harm

himself, was banging his head on the wall, and received disciplinary action for battery of three

officers.   Plaintiff's Amended Complaint alleges facts that suggest the officers were applying

force in a good-faith effort to maintain or restore discipline, rather than maliciously and

sadistically to cause Plaintiff harm.   *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citation

omitted).   Plaintiff should show good cause why his excessive force claim should not be

dismissed.

### III.  Motion to Appoint Counsel

Plaintiff has filed a second Motion for Appointment of Counsel (Doc. 8), stating that he

wants to appear in court.  The motion is substantially the same motion that Plaintiff previously filed at Doc. 3.  The Court denied the previous motion in the MOSC.  For the same reasons set forth in the MOSC, the Court denies the current motion without prejudice to refiling if Plaintiff's claims survive screening.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]  Plaintiff is given time to file a complete and proper second amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein and in the MOSC, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (Doc. 8) is **denied without prejudice.**

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (22-3024-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 18, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein and in the Court's MOSC at Doc. 6.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **March 18, 2022,** in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein and in the Court's MOSC at Doc. 6.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated February 18, 2022, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**

8