IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EDRICK LADON MCCARTY,**

      **Plaintiff,**

    v.

                                        CASE NO. 22-3024-SAC

**CENTURION, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff filed an Amended Complaint (Doc. 7), and the Court entered a second Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC II") granting Plaintiff an opportunity to show good cause why his Amended Complaint should not be dismissed or to file a second amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Second Amended Complaint (Doc. 12) ("SAC").[1] The Court's screening standards are set forth in the MOSC.

Plaintiff names the State of Kansas as the sole defendant in his SAC. He claims that the State of Kansas was his guardian while he was injured. Plaintiff claims he was handled roughly, was bear-maced, strained his neck, and received a contusion on his head. Plaintiff states that he

---

[1] The Court notes that Plaintiff filed a notice of interlocutory appeal prior to filing his SAC. (Doc. 10.) This Court did not order certification of this case for interlocutory appeal, and an interlocutory appeal does not automatically stay this case. *See* 28 U.S.C. § 1292(b).

will need an attorney to defend himself. Plaintiff alleges that he cannot control his hallucinations and he is being punished for being mentally ill. Plaintiff seeks $400,000 in damages from the State of Kansas.

Plaintiff acknowledged in his Amended Complaint that he refused his prescribed medication, but alleged that Centurion denied him proper forced medication for six months. The Court set forth the standards for an Eighth Amendment medical claim in the MOSC. (Doc. 6, at 4–6.) The Court found that a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976); *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983). The Court also found that Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment or medication. (Doc. 6, at 5.)

The Court also found that Plaintiff failed to allege how any defendant personally participated in the deprivation of his constitutional rights regarding his medication. *Id*. at 6. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's

*direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

The Court also found in the MOSC that Plaintiff failed to state an excessive force claim. (Doc. 6, at 8–10.)  Plaintiff was given an opportunity to file an amended complaint to cure the deficiencies in his Complaint.  Plaintiff's Amended Complaint failed to cure the deficiencies and Plaintiff was granted "one last opportunity to file a second amended complaint to name the proper defendants and to show personal participation by each defendant" and to show good cause why his excessive force claim should not be dismissed.  (Doc. 9, at 6.)

Plaintiff's SAC fails to cure the deficiencies set forth in the MOSC and MOSC II. Plaintiff alleges that the State of Kansas is liable for damages for his injuries.  The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity.  *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).  Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465

U.S. 89, 100 (1984).  It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983.  *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).  Because Plaintiff has neither made a specific claim against the State of Kansas nor shown any waiver of immunity from suit, his SAC must be dismissed.

Plaintiff has filed a Motion to Conclude (Doc. 14) stating that he wants out of EDCF and wants his damages.  Because this case is being dismissed, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Conclude (Doc. 14) is **denied.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated March 15, 2022, in Topeka, Kansas.**

s/ Sam A. Crow
**Sam A. Crow**
**U.S. Senior District Judge**